IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 09-cv-01200-BNB

JAMES R. SARDAKOWSKI,

OCT 0 1 2009

Applicant,

GREGORY C. LANGHAM
CLERK

v.

KEVIN MILYARD, Warden of Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant James R. Sardakowski is a prisoner in the custody of the Colorado

Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado.  Mr.

Sardakowski initiated this action by filing *pro se* an application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  On July 29, 2009, Mr. Sardakowski filed an

amended application for a writ of habeas corpus.  Mr. Sardakowski is challenging the

validity of his conviction and sentence in Adams County District Court case number

04CR3051.

On August 10, 2009, Magistrate Judge Boland ordered Respondents to file a

Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state remedies under 28 U.S.C.

§ 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this

action.  On August 26, 2009, Respondents filed their Pre-Answer Response.  Although

he was given an opportunity to file a reply to the Pre-Answer Response, Mr.

Sardakowski has not done so.  Mr. Sardakowski did file, on September 21, 2009, a motion seeking his immediate release because his rights under the United States Constitution allegedly have been violated.  However, Mr. Sardakowski does not address in the motion filed on September 21 either of the defenses raised by Respondents in their Pre-Answer Response.

The Court must construe the amended application and other papers filed by Mr. Sardakowski liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be dismissed.

Mr. Sardakowski pled guilty to one count of child abuse resulting in death.  On September 15, 2006, he was sentenced to eighteen years in prison and on October 26, 2006, the trial court entered a restitution order.  Mr. Sardakowski did not file a direct appeal.  Instead, beginning on March 31, 2008, he filed a series of four postconviction motions challenging his guilty plea and sentence.  The trial court denied the March 31, 2008, postconviction motion on April 3, 2008.  Mr. Sardakowski filed his second postconviction motion on September 18, 2008, and it was denied on September 29, 2008.  Mr. Sardakowski's third postconviction motion was filed on April 30, 2009, and denied on May 5, 2009.  Mr. Sardakowski's fourth postconviction motion was filed on May 26, 2009, and denied on June 1, 2009.  On June 11, 2009, Mr. Sardakowski filed a notice of appeal.  On August 18, 2009, the Colorado Court of Appeals granted Mr. Sardakowski's motion to dismiss the appeal voluntarily.

The Court received the instant action for filing on May 14, 2009.  Construing the amended application liberally, Mr. Sardakowski asserts three claims that his constitutional rights have been violated.  He first claims that counsel was ineffective and coerced him to accept a plea bargain.  Mr. Sardakowski alleges in his second claim that the trial court was biased against him.  He alleges in his third claim that he received a disproportionate sentence.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect

> to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), the Court first must determine when the judgment of conviction in Mr. Sardakowski's criminal case became final. Because Mr. Sardakowski did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Sardakowski had forty-five days to file a notice of appeal after he was sentenced. As discussed above, Mr. Sardakowski was sentenced on September 15, 2006. Therefore, the Court finds that his conviction was not final until at least October 30, 2006. Assuming Mr. Sardakowski could have filed a direct appeal within forty-five days after the trial court issued its restitution order on October 26, 2006, the latest date on which his conviction could have become final was December 11, 2006.

The Court also finds that the one-year limitation period began to run when Mr. Sardakowski's conviction became final because he does not allege he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for all of his claims at the time his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D). The one-year limitation period then ran without interruption until it expired at the latest on December 11, 2007.

As discussed above, Mr. Sardakowski did not file his first state court postconviction motion until March 31, 2008, after the one-year limitation period already

4

had expired.  Therefore, none of the state court postconviction motions filed on and after March 31, 2008, could have tolled the one-year limitation period pursuant to 28 U.S.C. § 2244(d)(2).  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  As a result, the Court finds that this action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling also may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period.  *See Gibson*, 232 F.3d at 808 (10th Cir. 2000).  However, simple excusable neglect is not sufficient to support equitable tolling.  *See id*.  Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently and it is the inmate's burden to "allege with specificity 'the steps he took to diligently pursue his federal claims.'"  *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Sardakowski fails to allege any facts that might justify equitable tolling of the one-year limitation period.  Therefore, the Court finds that Mr. Sardakowski fails to demonstrate that equitable tolling is appropriate and the instant action will be dismissed as barred by the one-year limitation period.

Respondents also argue that this action should be dismissed because Mr. Sardakowski failed to exhaust state remedies.  Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.  Finally, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has presented his claims fairly to the state appellate courts and exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court agrees that Mr. Sardakowski failed to exhaust state remedies because, even assuming his claims properly were raised in the trial court in one of the postconviction motions, it is clear that Mr. Sardakowski failed to present any of his claims fairly to the Colorado appellate courts.  Of course, the Court may not dismiss this action for failure to exhaust state remedies if Mr. Sardakowski no longer has an adequate and effective state remedy available to him.  *See Castille*, 489 U.S. at 351.

Mr. Sardakowski no longer has an adequate and effective state remedy available to him because the time for filing an appeal from the denial of his state court

6

postconviction motions has passed.  *See* Colo. App. R. 4(b) (providing forty-five days to file an appeal).  Furthermore, the Colorado Rules of Criminal Procedure bar Mr. Sardakowski from raising his claims in a successive postconviction motion.  *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought").  Therefore, the Court finds that Mr. Sardakowski's claims are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Sardakowski's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Sardakowski fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims will result in a fundamental miscarriage of justice.  Therefore, the Court finds that Mr. Sardakowski's claims are procedurally barred and the action will be dismissed for that reason also.  Accordingly, it is

ORDERED that the habeas corpus application and the amended habeas corpus application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d) and as procedurally barred.  It is

FURTHER ORDERED that the motion for immediate release filed on September 21, 2009, is denied.

DATED at Denver, Colorado, this __1st__ day of _____Oct._____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01200-BNB

James R. Sardakowski
Prisoner No. 133162
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751


I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on _10 | 1 | 09_ .

GREGORY C. LANGHAM, CLERK


By: _____
Deputy Clerk